ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| VILMARIE DOMÍNGUEZ LOZADA, <br><br> Apelada, <br><br> v. <br><br> MUNICIPIO AUTÓNOMO DE CATAÑO, <br><br> Apelante. | TA2025AP00658 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Cataño, Región Judicial de Bayamón. <br><br> Civil núm.: CT2025CV00264, (consolidado con el CT2025CV00265, CT2025CV00266 y CT2025CV00267). <br><br> Sobre: *Ley de transparencia y procedimiento expedito para acceso a la información pública* (Ley Núm. 141-2019). |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 27 de enero de 2026.

La parte apelante, Municipio de Cataño (Municipio), instó el presente recurso el 9 de diciembre de 2025. Nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 10 de octubre de 2025. Mediante el referido dictamen, el foro *a quo* declaró con lugar los recursos especiales de revisión judicial para el acceso a información pública presentados por la parte apelada, la señora Vilmarie Domínguez Lozada (señora Domínguez Lozada) al amparo de la *Ley de transparencia y procedimiento expedito para el acceso a la información pública*, Ley Núm. 141-2019, según enmendada, 3 LPRA sec. 9911-9923[1].

---

[1] El 18 de septiembre de 2025, el Municipio presentó una moción de consolidación con relación a los casos civiles núm. CT2025CV00264, CT2025CV00265, CT2025CV00266 y CT2025CV00267, instados por la señora Domínguez Lozada el 8 y 12 de agosto de 2025. Según surge de la *Minuta* de la vista celebrada el 1ro de octubre de 2025, en el caso CT2025CV00264, el Tribunal de Primera Instancia declaró con lugar la consolidación. *Véase*, entrada 13, *Sistema Unificado de Manejo y Administración de Casos* del Tribunal de Primera Instancia (SUMAC TPI)

Por los fundamentos que expondremos a continuación, confirmamos la sentencia apelada.

I

Entre las fechas del 8 y 12 de agosto de 2025, la señora Domínguez Lozada, quien funge como legisladora municipal del Municipio de Cataño[2], presentó ante el Tribunal de Primera Instancia varios recursos especiales de revisión judicial para el acceso a información pública al amparo de lo dispuesto en la *Ley de transparencia y procedimiento expedito para el acceso a la información pública*, Ley Núm. 141-2019, según enmendada, 3 LPRA sec. 9911-9923 (Ley Núm. 141)[3]. A sus recursos, anejó, entre otros documentos, las cartas del 15 y 16 de julio de 2025, dirigidas al Hon. Julio Alicea Vasallo, alcalde del municipio de Cataño. Mediante las misivas, solicitó al alcalde que entregara cierta información relacionada a las actividades del Municipio y su relación con varias empresas. En específico, solicitó que se le entregara lo siguiente:

**CT2025CV00264**

Información relacionada con la entidad V.C. Promotion, Inc. (Registro Núm. 98228), o con el señor Rafael A. Vázquez Santiago:

> 1. Lista detallada de todas las actividades, contratos, servicios, eventos o colaboraciones realizadas por esta entidad con el Municipio de Cataño desde el año 2017 at presente.
>
> 2. Copias de todos los contratos, facturas, propuestas, órdenes de compra y pagos emitidos a favor de dicha entidad o de su presidente, tesorero/agente residente,
>
> 3. Documentación que justifique los procesos de selección o adjudicación de servicios otorgados a la mencionada entidad, incluyendo cualquier dispensa de subasta o certificación de fondos.
>
> 4. Listado de empleados municipales o recursos asignados para apoyar actividades promovidas por dicha corporación.

---

[2] Conforme lo permite la Regla 201 de las de Evidencia, 32 LPRA Ap. VI, tomamos conocimiento judicial de que la señora Domínguez Lozada es legisladora municipal del Municipio de Cataño por el Partido Independendista Puertorriqueño.

[3] *Véase*, la primera entrada de los casos: CT2025CV00264, CT2025CV00265, CT2025CV00266 y CT2025CV00267, en SUMAC TPI.

5. Informe de impacto económico, cultural o social de cada actividad en la que el Municipio haya participado o auspiciado junto V.C. PROMOTION, INC[4].

**CT2025CV00265**

Información relacionada con la empresa: Global Consultas Asociados, LLC (Registro Núm. 192645), y con Iván Romero Peña:

1. Copia de todos los contratos y/o acuerdos vigentes o pasados entre el Municipio de Cataño y la mencionada empresa desde el año 2021 hasta el presente.

2. Desglose de los servicios prestados por dicha empresa al municipio.

3. Información sobre si la empresa ha subcontratado a otras entidades o individuos para cumplir con sus obligaciones contractuales con el municipio, e identificación de los mismos.

4. Monto total pagado por el municipio a dicha empresa por concepto de sus servicios.

5. Información de cualquier proceso de subasta, invitación o selección seguido para la contratación de esta empresa o las subcontratadas.

6. Copia de documentación justificativa de los servicios prestados facturas, informes de trabajo, evidencias de cumplimiento.

7. Unidad o dependencia municipal que supervisa o administra a estos contratos[5].

**CT2025CV00266**

Información relacionada con la imprenta localizada en la Oficina de Relaciones Públicas el Municipio:

1. ¿Qué tipos de trabajos o productos imprime actualmente la imprenta?

2. ¿Para qué departamentos o fines se utiliza la imprenta?

3. ¿Cuáles son los criterios o procedimientos para solicitar servicios de impresión en esa oficina?

4. ¿Se realizan trabajos para entidades externas al municipio o solo para uso interno?

5. De realizar trabajos para entidades externas, favor proveer contratos.

6. ¿Qué presupuesto anual se asigna para la operación de dicha imprenta?

---

[4] *Véase*, la primera entrada de los casos: CT2025CV00264, CT2025CV00265, CT2025CV00266 y CT2025CV00267, en SUMAC TPI.

[5] *Íd.*

7. ¿Quién supervisa y administra el uso de los recursos de impresión?

8. ¿Existe algún reglamento o directriz que regule el uso de la imprenta[6]?

**CT2025CV00267**

Información relacionada con la compañía: Publicidad Tere Suárez, LLC (Registro Núm. 3701):

1. Copia de todos los contratos, acuerdos, órdenes de compra o servicios profesionales que el Municipio de Cataño haya suscrito con dicha compañía desde el año 2021 al presente.

2. Detalle de los pagos realizados a la compañía, incluyendo fecha, concepto, cantidad y método de pago.

3. Copia de documentación justificativa de los servicios prestados (facturas, informes de trabajo, evidencia de cumplimiento).

4. Información sobre cualquier proceso de subasta, invitación o selección seguido para la contratación de esta empresa, de existir.

5. Indique el nombre del funcionario o funcionaria municipal que ha autorizado, supervisado o certificado los servicios de la referida compañía[7].

El 8 y 9 de septiembre de 2025, el Municipio de Cataño presentó sendas mociones de desestimación[8]. Arguyó que la solicitud de la señora Domínguez Lozada no cumplía con los requisitos de la Ley Núm. 141. Señaló que se trataba de una solicitud excesivamente amplia y onerosa. En cuanto a ello, sostuvo que parte de la información solicitada no se trataba de documentos públicos en posesión del Municipio, sino que se trataba de informes y estudios que el Municipio tendría que generar. Sobre la onerosidad, añadió que, para producir parte de la información solicitada, tendría que incurrir en gastos económicos ya que los documentos no estaban almacenados en el Municipio y no podían ser reproducidos para su entrega.

---

[6] *Véase*, la primera entrada de los casos: CT2025CV00264, CT2025CV00265, CT2025CV00266 y CT2025CV00267, en SUMAC TPI.

[7] *Íd.*

[8] *Véase*, en el caso CT2025CV00264, la entrada 7, SUMAC TPI; en el caso CT2025CV00265, la entrada 7, SUMAC TPI; en el caso CT2025CV00266, la entrada 6, SUMAC TPI; y, en el caso CT2025CV00267, la entrada 5, SUMAC TPI.

En segundo lugar, expuso que el Oficial de Información del Municipio le informó a la señora Domínguez Lozada, mediante comunicación escrita enviada por correo electrónico, que el Municipio no había entregado la información solicitada por entender que la solicitud no cumplía con los requisitos y el ámbito de aplicación dispuestos en la Ley Núm. 141. En cuanto a ello, arguyó que la solicitud debía ser canalizada por los procedimientos internos y colegiados que rigen las investigaciones y los requerimientos de información de la Legislatura Municipal de Cataño. En específico, se refirió a la Ley Núm. 107 del 14 de agosto de 2020, según emendada, conocida como *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001-8361, y a los Artículos 8 y 10 del *Reglamento de la Legislatura Municipal de Cataño*[9].

El 10 de septiembre de 2025, la señora Domínguez Lozada se opuso a las mociones de desestimación[10]. En sus breves escritos, arguyó que los requerimientos de información objeto de controversia no fueron hechos en su carácter de legisladora municipal, sino en su carácter personal como ciudadana. Sobre lo anterior, expresó que su función legislativa municipal no contravenía su carácter de ciudadana. Sostuvo que, en virtud de lo anterior, poseía un derecho constitucional al acceso a la información pública, el cual podía ejercer independientemente de que ocupara cualquier cargo público. Finalmente, arguyó que el Municipio no había articulado excepción legal alguna, que justificara su negativa a producir los documentos solicitados.

---

[9] En lo pertinente, el Art. 8(3)(o) dispone, con relación a las reglas del debate en la legislatura municipal, lo siguiente:

> [l]a petición de cualquier Legislador a los fines de solicitar información o documentos que se encuentren en poder del Ejecutivo será requerido a través del Presidente en Sesión Ordinaria y toda la petición de información y/o documentos del Cuerpo o que alguna Comisión desee, en este caso deberá tener el consentimiento del Cuerpo o de la Comisión.

Véase, *Reglamento de la Legislatura Municipal de Cataño*, aprobado el 24 de febrero de 2021, mediante la Resolución Interna Núm. 2, serie 2020-2021.

[10] *Véase,* en el caso CT2025CV00264, entrada 9, SUMAC TPI; en el caso CT2025CV00265, entrada 9, SUMAC TPI; en el caso CT2025CV00266, entrada 10, SUMAC TPI; y, en el caso CT2025CV00267, entrada 7, SUMAC TPI.

El 1 de octubre de 2025, el Tribunal de Primera Instancia celebró vistas, por separado, en cada uno de los casos[11]. Así, tras las argumentaciones de las partes litigantes, el asunto quedó sometido.

El 10 de octubre de 2025, el Tribunal de Primera Instancia notificó a las partes su sentencia[12]. El foro *a quo* declaró con lugar los recursos especiales de revisión judicial para el acceso a información pública presentados por la señora Domínguez Lozada. El tribunal concluyó que la interpretación ofrecida por el Municipio no resultaba cónsona con el esquema constitucional y democrático aplicable. En su análisis, expresó que, contrario a lo argüido por el Municipio, el poder de fiscalización de los legisladores municipales no podía estar supeditado a los deseos de la mayoría de la Legislatura Municipal.

Por tanto, el foro primario determinó que, en este caso, la legisladora municipal podía solicitar la documentación objeto de controversia sin esperar a que se realizaran sesiones ordinarias, determinaciones de presidentes o votaciones por parte del cuerpo. Además, apuntó que la señora Domínguez Lozada era una ciudadana quien, como cualquier otra, tenía legitimación para solicitar información pública al amparo de la Ley Núm. 141. Cónsono con lo anterior, declaró sin lugar las solicitudes de desestimación presentadas por el Municipio y resolvió que la señora Domínguez Lozada tenía disponible los remedios establecidos en la Ley Núm. 141[13].

Así pues, ordenó la divulgación, producción e inspección de la siguiente información:

> 1. Copia de los contratos otorgados entre el Municipio y V.C. Promotion, Inc., o el señor Rafael A. Vázquez Santiago desde el 2019 al presente.

---

[11] *Véase,* en el caso CT2025CV00264 entrada 13, SUMAC TPI; en el caso CT2025CV00265 entrada 11, SUMAC TPI; en el caso CT2025CV00266, entrada 9, SUMAC TPI; y en el caso CT2025CV00267 entrada 10, SUMAC TPI.

[12] *Véase*, CT2025CV00264, entrada 17, SUMAC TPI.

[13] Previo a ordenar la divulgación de los documentos solicitados por la señora Domínguez Lozada, el foro primario analizó cada una de las solicitudes de información y descartó aquellas que no constituían documentos públicos a tenor con la Ley Núm. 141. Asimismo, descartó aquellos requerimientos que no eran específicos o resultaban excesivamente amplios.

2. Copia de los contratos otorgados entre el Municipio y Global Consultas Asociados, LLC, e Iván Romero Peña desde el 2021 al presente, e informe la unidad o dependencia municipal que supervisa o administra los referidos contratos.

3. Copia de los contratos entre el Municipio y Publicidad Tere Suárez, LLC, desde el 2021 al presente, e informe el nombre del funcionario o funcionaria municipal que ha autorizado, supervisado o certificado los servicios de la referida compañía.

Inconforme con la referida determinación, el 9 de diciembre de 2025, el Municipio presentó su recurso de apelación y formuló el siguiente señalamiento de error:

Erró el TPI en la apreciación de los hechos y el derecho que sustentan la moción en oposición y en solicitud de desestimación de recurso por no cumplir con los requisitos de la Ley Núm. 141-2019 presentada por el Municipio, al denegarla y resolver que procede entregar la información pública solicitada por la parte recurrente-apelada, a pesar de que comparece en su carácter oficial de legisladora municipal a solicitar información a la rama ejecutiva invocando las disposiciones de la Ley Núm. 141-2019 cuando esto constituye una usurpación de los poderes y facultades delegados al presidente de la legislatura municipal, violenta las disposiciones de la Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, el reglamento de la legislatura municipal de Cataño y la separación de poderes dispuesta en la constitución de Puerto Rico.

(Énfasis omitido).

Mediante nuestra resolución del 10 de diciembre de 2025, apercibimos a la señora Dominguez Lozada de que, conforme a la Regla 22 del Reglamento de este Tribunal, el término para presentar su oposición vencería el **jueves, 8 de enero de 2026**. Transcurrido el término sin que la parte apelada compareciera, prescindimos de su alegato y resolvemos.

II

A

En Puerto Rico, el derecho de acceso a la información es reconocido como un derecho humano y constitucional de rango fundamental. *Kilómetro 0 v. Pesquera López et al.*, 207 DPR 200, 207 (2021); *Bhatia Gautier v. Rosselló Nevares*, 199 DPR 59, 80 (2017); *Trans Ad PR v. Junta Subastas*, 174 DPR 56, 67 (2008); *Colón Cabrera v. Caribbean Petroleum*, 170 DPR 582, 590 (2007); *Ortiz v. Dir. Adm. Tribunales*, 152 DPR 161, 175 (2000);

*Soto v. Srio. Justicia*, 112 DPR 477, 485 (1982). Este derecho, esencial para la sana función de una sociedad democrática, emana de los derechos de libertad de expresión, prensa y asociación expresamente dispuestos en la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico. Const. PR, Art. II, Sec. 4.

Dada la importancia de este derecho, "[e]l Estado […] no puede negar caprichosamente y sin justificación aparente la información recopilada en su gestión pública". *Soto v. Srio de Justicia* 112 DPR, a la pág. 489 (bastardillas omitidas); *Colón Cabrera v. Caribbean Petroleum*, 170 DPR, a la pág. 590; *Santiago v. Bobb y El Mundo*, 117 DPR 153,158 (1986).

En lo pertinente, el Art. 409 del Código de Enjuiciamiento Civil, 32 LPRA sec. 1781, establece que, "[t]odo ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley".

Con el fin de viabilizar y organizar el acceso a la información en poder del Estado, el legislador aprobó la *Ley de transparencia y procedimiento expedito para el acceso a la información pública*, Ley Núm. 141-2019, según enmendada, 3 LPRA sec. 9911-9923 (Ley Núm. 141). En ella, se establece como política pública que:

> 1. La información y documentación que produce el gobierno **se presume pública y accesible a todas las personas por igual**.
>
> 2. La información y documentación que produce el gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico.
>
> 3. El derecho constitucional de acceso a la información requiere la transparencia gubernamental.
>
> 4. **Toda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa.**
>
> 5. El derecho de acceso a la información pública es un pilar constitucional y un derecho humano fundamental.

6. El acceso a la documentación e información pública tiene que ser ágil, económico y expedito.

7. Toda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables.

8. El Gobierno de Puerto Rico establece en la presente Ley una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros.

Art. 3 de la Ley Núm. 141, 3 LPRA sec. 9913. (Énfasis nuestro).

Previo a ser enmendado, el referido estatuto establecía términos cortos, de diez (10) días, para hacer entrega o hacer disponible la información solicitada[14]. Art. 7 de la Ley Núm. 141-2019, 3 LPRA sec. 9917. De igual forma, y en lo atinente a la controversia que atendemos, el referido estatuto dispone que cualquier persona a la cual una entidad gubernamental le haya notificado su determinación de no entregar la información solicitada o que no haya hecho entrega de la información dentro del término establecido o su prórroga, tendrá derecho a presentar, por derecho propio o a través de su representación legal, ante la sala del Tribunal de Primera Instancia de la Región Judicial de San Juan, un recurso especial de acceso a información pública. Art. 9 de la Ley Núm. 141, 3 LPRA sec. 9919.

La Ley Núm. 141 también dispone que la interpretación de sus disposiciones deberá ser de la forma más liberal y beneficiosa para la persona solicitante de información pública y, **en caso de conflicto entre las disposiciones de esta y la de cualquier otra legislación, prevalecerá aquella que resulte más favorable para la persona solicitante de información y documentación pública**. *Íd.*

---

[14] La Ley Núm. 141, fue enmendada por la Ley 156 de 13 de diciembre de 2025 (Ley Núm. 156-2025). El Art. 7 fue enmendado para establecer un término de no más de veinte (20) días laborables para que los Oficiales de Información produzcan la información pública solicitada, cuando se trate de información que conste en un documento o expediente que no exceda de trescientos (300) folios o su equivalente, o su antigüedad sea menor a tres (3) años. En el caso de documentos o expedientes de más de trescientos (300) folios o su equivalente, o su antigüedad sea mayor a tres (3) años, el término para facilitar la información no deberá exceder de treinta (30) días laborables. Asimismo, si la solicitud se hace en una oficina regional el término para producir la información no podrá ser mayor de treinta (30) días.

De otra parte, el Tribunal Supremo de Puerto Rico ha reconocido las instancias particulares en la que el Estado puede reclamar que se preserve la confidencialidad de cierta información pública. Así, ha establecido que para que un reclamo de confidencialidad triunfe, el Estado no puede descansar en meras generalizaciones, sino que tiene el deber ineludible de probar de forma precisa e inequívoca la aplicabilidad de alguna de las siguientes excepciones:

(1) que una ley así lo declara;

(2) que la comunicación está protegida por algún privilegio evidenciario;

(3) que la divulgación de la información puede lesionar derechos fundamentales de terceros;

(4) que se trate de un confidente, según la Regla 515 de Evidencia de 2009 (32 LPRA Ap. VI), o

(5) que sea información oficial conforme a la Regla 514 de Evidencia de 2009 (32 LPRA Ap. VI)

*Kilómetro 0 v. Pesquera López et al.*, 207 DPR, a la pág. 210.

Inclusive, el Tribunal Supremo ha dispuesto que aquellas restricciones que el Estado imponga en el acceso a la información deben satisfacer los criterios de un **escrutinio estricto**. *Íd.* Es decir, que al momento de invocar alguna de las excepciones precitadas, el Estado no puede negar el acceso a la información pública de forma caprichosa o arbitraria, sino que, cuando el Estado reclame la confidencialidad de algún documento público, este "tiene la carga de probar que satisface cualquiera de las excepciones antes enumeradas". *Íd.* Por tanto, el hecho del Estado negarse a divulgar información pública debe estar fundamentado y justificado. *Íd.* Ello exige a los tribunales un grado mayor de suspicacia cuando se trate de conceder cualquier pedido de confidencialidad del Estado.

B

Ley Núm. 107 de 13 de agosto de 2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, en su Art. 1.038, sobre las limitaciones constitucionales de la legislatura municipal, dispone que:

> La Legislatura Municipal tendrá todas las limitaciones impuestas por la Constitución de Puerto Rico y por la Ley Púb. Núm. 600 del 3 de julio de 1950, a la Asamblea Legislativa y a sus miembros, serán aplicables hasta donde sea posible a la Legislatura Municipal y a sus miembros.
>
> Los miembros de la Legislatura Municipal tendrán los deberes y atribuciones que les señala este Código. Los legisladores municipales gozarán de inmunidad parlamentaria por sus votos y expresiones en las sesiones ordinarias o extraordinarias de la misma o en cualquier reunión de las comisiones de esta debidamente celebrada. Los Legisladores Municipales usarán prudente y dentro del marco de corrección, respeto pulcritud el privilegio de inmunidad parlamentaria que se les confiere en este Artículo.

21 LPRA sec. 7064.

Asimismo, el referido estatuto establece en su Art. 1.039(p) que, conforme a las facultades y deberes conferidos a la legislatura municipal, dicho cuerpo podrá "[r]ealizar las investigaciones y vistas públicas necesarias para la evaluación de los proyectos de ordenanzas y resoluciones que tengan ante su consideración o para propósitos de desarrollar cualquier legislación municipal, incluyendo el poder de fiscalización". 21 LPRA sec. 7065.

Por su parte, el Art. 2.015 del Código Municipal, respecto a la solicitud de documentos públicos, establece que cualquier persona podrá solicitar que se le permita inspeccionar, copiar, fotocopiar u obtener copias certificadas de cualquier documento público de naturaleza municipal, **salvo que expresamente se disponga lo contrario por cualquier ley al efecto**. 21 LPRA sec. 7175.

En lo pertinente a la controversia que atendemos, es preciso aclarar que la Ley Núm. 141-2019, 3 LPRA sec. 9911-9923, no define lo que constituye un documento o información pública. No obstante, el Código Municipal, en su Art. 2.015, lo define como:

.     .     .     .     .     .     .     .     .

> [C]ualquier escrito, impreso, papel, libro, folleto, fotografía, fotocopia, película, microficha, cinta magnetofónica, mapa, dibujo, plano, cinta, disco compacto o cualquier otro material leído por máquina e informativo, sin importar su forma o características físicas y que se origine, se reciba o se conserve en cualquier unidad administrativa, dependencia u oficina del municipio de acuerdo con este Código; y cualquier escrito que se origine en otra agencia del Gobierno estatal o

del Gobierno federal o que se origine por cualquier persona privada, natural o jurídica, en el curso ordinario de transacciones con el municipio y se conserven permanente o temporalmente en cualesquiera unidades administrativas, oficinas o dependencias del municipio por su utilidad administrativa, valor legal, fiscal, histórico o cultural.

.        .        .        .        .        .        .        .        .

21 LPRA sec. 7175.

Además, dispone que todo funcionario municipal bajo cuya custodia obre algún documento público de naturaleza municipal está en la obligación de expedir, a requerimiento, copia certificada del mismo previo el pago de los derechos legales correspondientes. *Íd.*

Finalmente, el Art. 1.048 del referido estatuto dispone que cada legislatura municipal adoptará un reglamento con el propósito de garantizar el ordenamiento lógico y confiable en lo que respecta al procedimiento parlamentario en sus sesiones. 21 LPRA sec. 7073. Al amparo del referido artículo, el 24 de febrero de 2021, mediante la Resolución Interna Núm. 2, Serie 2020-2021, se aprobó el *Reglamento de la Legislatura Municipal de Cataño*. En lo pertinente, el Art. 8(3)(o) dispone, con relación a las reglas del debate en la legislatura municipal, lo siguiente:

La petición de cualquier Legislador a los fines de solicitar información o documentos que se encuentren en poder del Ejecutivo será requerido a través del Presidente en Sesión Ordinaria y toda la petición de información y/o documentos del Cuerpo o que alguna Comisión desee, en este caso deberá tener el consentimiento del Cuerpo o de la Comisión.

III

La controversia planteada por el Municipio se circunscribe a dirimir si la señora Domínguez Lozada, quien funge como legisladora municipal, podía solicitar información pública al amparo de la Ley Núm. 141-2019, o si, por el contrario, estaba impedida de utilizar ese mecanismo procesal por contravenir las disposiciones del Código Municipal de Puerto Rico o el reglamento de la legislatura municipal de Cataño.

En síntesis, el Municipio arguye que la apelada presentó el requerimiento de información en su función oficial como legisladora municipal, según fue plasmado en su solicitud, y ante esa comparecencia en su carácter oficial, procedía que se desestimara el recurso especial.

Concluye que, si bien el recurso especial que provee la Ley Núm. 141 está disponible para toda persona, los legisladores municipales de Cataño cuentan exclusivamente con el mecanismo establecido en el Art. 8(3)(o) del *Reglamento de la Legislatura Municipal de Cataño*.

Además, asevera que el Tribunal de Primera Instancia erró al amparar su determinación en un análisis erróneo de la opinión del Tribunal Supremo de Puerto Rico en *Silva v. Hernández Agosto*, 118 DPR 48 (1986). En particular, insiste en que el *Reglamento de la Legislatura Municipal* y el Código Municipal garantizan aquellas salvaguardas que el Tribunal Supremo reconoció en *Silva v. Hernández Agosto* y, por tanto, la señora Domínguez Lozada venía obligada a cumplir con el procedimiento plasmado en ellos.

Finalmente, de manera persuasiva, el Municipio hizo referencia a la *Sentencia* dictada el 23 de octubre de 2025, por un panel hermano de este Tribunal de Apelaciones en el recurso TA2025CE00617. Sostuvo que, en aquella ocasión, un panel hermano atendió la misma controversia planteada en este recurso, avaló la posición del Municipio y decretó la desestimación del recurso especial de revisión judicial para el acceso a información pública presentado por la señora Domínguez Lozada.

Evaluada la sentencia dictada en ese recurso, opinamos que los hechos allí planteados son claramente distinguibles de los hechos de este recurso. Allí, la señora Domínguez Lozada sometió directamente al alcalde del Municipio de Cataño un interrogatorio, lo cual conllevaba un ejercicio no contemplado en la Ley Núm. 141, ni autorizado por esta. Así pues, el presunto valor persuasivo de dicha sentencia no aplica a los hechos de este caso.

Como discutimos, al aprobar la *Ley de transparencia y procedimiento expedito para el acceso a la información pública*, el legislador estableció como política pública que la información o documentación que produce el gobierno se presume pública y **accesible a todas las personas por igual.** El examen del estatuto revela que este no

excluye a los legisladores municipales. Por el contrario, establece que, ante el reclamo de cualquier persona, las entidades gubernamentales, incluidos los municipios, deben entregar la información.

Como resaltamos, un reclamo de confidencialidad por parte del Estado estará limitado a: (1) una ley o un reglamento así específicamente lo declara; (2) la comunicación está protegida por algún privilegio evidenciario; (3) revelar la información puede lesionar derechos fundamentales de terceros; (4) cuando se trate de la identidad de un confidente conforme a la Regla 515 de Evidencia de 2009, 32 LPRA Ap. VI, R. 515; o (5) constituya información oficial conforme a la Regla 514 de las de Evidencia.

En atención a lo anterior, para que el reclamo de confidencialidad prevalezca, le correspondía, en este caso al Municipio, presentar prueba y demostrar la existencia de intereses apremiantes de mayor jerarquía que los valores protegidos y el derecho de acceso a la información de los ciudadanos. No obstante, el Municipio no presentó prueba alguna a estos efectos, por lo que, al interpretar las disposiciones de la Ley Núm. 141 de la forma más liberal y beneficiosa para la persona solicitante de información pública, debe prevalecer el reclamo de la señora Domínguez Lozada.

En este caso, el planteamiento del Municipio respecto a que el reglamento de la legislatura municipal de Cataño garantiza aquellas salvaguardas que el Tribunal Supremo reconoció a las minorías legislativas en *Silva v. Hernández Agosto* resulta contradictorio. Según su interpretación, todo legislador municipal tendría que solicitar información al presidente del cuerpo y **toda petición deberá llevarse a votación en el pleno de la legislatura municipal**. Tal interpretación menoscabaría el poder de fiscalización que provee el Art. 1.039(p) del Código Municipal, 21 LPRA sec. 7065.

Como bien reseñó el foro primario, en *Silva v. Hernández Agosto*, 118 DPR 48, 56 (1986), el Tribunal Supremo señaló que una de las funciones de un legislador, especialmente de minorías, es realizar

investigaciones sobre asuntos gubernamentales y **no se puede coartar tal derecho mediante la aprobación de un reglamento.** Mucho menos cuando, así interpretado, dicho reglamento resultaría contrario a la Ley Núm. 141, la cual permite a **cualquier persona** valerse de sus mecanismos para obtener información pública de un municipio.

Por tanto, coincidimos con el Tribunal de Primera Instancia respecto a que reconocer a un ciudadano común el derecho a solicitar información pública, y no así a un legislador municipal, sería una gran contradicción; además, sería contrario al texto de la Ley Núm. 141, el cual no excluye a persona alguna de su ámbito. Concluimos que la señora Domínguez, quien funge como legisladora municipal, sí podía solicitar información pública al amparo de la Ley Núm. 141.

Consonó con lo anterior, reiteramos lo determinado por el Tribunal de Primera Instancia, respecto a que el Municipio debe entregar:

> 1. Copia de los contratos otorgados entre el Municipio y V.C. Promotion, Inc., o el señor Rafael A. Vázquez Santiago, desde el 2019 al presente.
>
> 2. Copia de los contratos otorgados entre el Municipio y Global Consultas Asociados, LLC, e Iván Romero Peña, desde el 2021 al presente, e informar la unidad o dependencia municipal que supervisa o administra los referidos contratos.
>
> 3. Copia de los contratos entre el Municipio y Publicidad Tere Suárez, LLC, desde el 2021 al presente, e informar el nombre del funcionario o funcionaria municipal que ha autorizado, supervisado o certificado los servicios de la referida compañía[15].

IV

Por los fundamentos expuestos, confirmamos la *Sentencia* apelada.

Notifíquese.

---

[15] Con relación a este inciso, es preciso resaltar que la Ley Núm. 141 no clasifica como confidenciales los nombres de funcionarios o empleados públicos. En atención a ello, reiteramos que al reconocer los supuestos en que el Estado puede, válidamente, reclamar la confidencialidad de documentos o información, el Tribunal Supremo únicamente ha reconocido que debe protegerse la **identidad de confidentes o informantes** de conformidad con las Reglas de Evidencia. Véase, *Kilómetro 0 v. Pesquera López et al.*, 207 DPR, a la pág. 210.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones